**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
Cal. Bar No. 259178
6167 Bristol Parkway, Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ARCE,<br><br>             Plaintiff,<br><br>v.<br><br>REGUS MANAGEMENT GROUP, LLC,<br><br>             Defendant. | Case No.  4:21-cv-05830<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Troy Arce ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Regus Management Group, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Rosenthal Fair Debt Collection Practices act ("RFDCPA") pursuant to Cal. Civ. Code §1788 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of California, Defendant conducts business in the Northern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of California.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant, Regus Management Group, LLC, maintains its principal place of business at 15305 Dallas Parkway, Suite 300, Addison, Texas 75001.

8. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

**FACTS SUPPORTING CAUSES OF ACTION**

9. Prior to this action giving rise, Plaintiff, a veteran, was interested in starting a non-profit organization that provides services to veterans across the Bay-Area community.

10. Plaintiff first communicated with Defendant through a Craigslist offering where he contacted a salesman who provided a tour of some of Defendant's offices.

11. On April 20, 2021, while touring an office location ("subject office"), the salesman handed Plaintiff an iPad and instructed Plaintiff to fill out information about himself. Specifically, Plaintiff was asked to provide payment information, address, and other contact information.

12. However, Plaintiff did not say he was interested in renting the subject office and thought the information he was filling out was an application to see if he would he would be

2

qualified to rent an office.

13. Plaintiff thanked the salesman and told him that he will have to think about renting the subject office.

14. Unbeknownst to Plaintiff, Plaintiff had agreed to sign a lease with Defendant through 2023. However, Plaintiff never expressly agreed to rent the office space and told the salesman that he would need to think about renting with Defendant.

15. Furthermore, on the date Plaintiff toured office spaces where he allegedly contracted a lease with Defendant, Defendant never provided Plaintiff with any receipt or copy of the contract outlining the terms of the agreement.

16. Sometime in May 2021, Plaintiff began receiving collection calls to his cellular phone number (510) XXX-0701, from Defendant attempting to collect an alleged debt ("alleged debt") Plaintiff never agreed to.

17. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular phone number ending in 0701.

18. Plaintiff was perplexed as to why Defendant was calling him because the alleged debt Defendant was attempting to collect was never agreed upon, as he never knew he was agreeing to a long term lease when he was merely touring office spaces.

19. On May 15, 2021, Plaintiff received a call from Defendant attempting to reach him and collect on the alleged debt. Plaintiff answered and was told he is overdue on payments for the subject office. Plaintiff told Defendant that he never agreed to a lease and that he no longer wanted to receive calls from them.

20. On June 1, 2021, Plaintiff emailed Defendant and requested they cease and desist collection on the alleged debt because Plaintiff never expressly agreed to rent the subject office and even told the salesman that he needed to think about it.

21. Despite Plaintiff's efforts to cease contact, in June 2021, Defendant sent Plaintiff a collection letter, stating that that Plaintiff owes on outstanding balance of $7,230.42 ("alleged debt") for 3 months' rent, including July, due July 15.

22. On June 8, 2021, Defendant again placed a call to Plaintiff's cellular phone in an attempt to collect on the alleged debt.

23. June 17, 2021, Plaintiff received an additional call from Defendant attempting to contact Plaintiff and collect on the alleged debt.

24. Notwithstanding Plaintiff's multiple requests to cease Defendant's communications, Defendant continued to contact Plaintiff numerous times from May 2021 to the present day.

25. In addition to calls and letters, Plaintiff has received numerous text messages from Defendant in an attempt to contact the Plaintiff and collect on the alleged debt.

26. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

27. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

28. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

29. Upon information and belief, Defendant placed its calls to Plaintiff's cellular phone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

30. In total, Defendant placed numerous unwanted and unconsented phone calls to

Plaintiff's phone number.

**DAMAGES**

31. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

32. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

33. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

34. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

35. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

36. Defendant repeatedly placed or caused to be placed frequent non-emergency phone calls, including but not limited to the phone calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

37. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

38. Defendant violated the TCPA by placing numerous phone call to Plaintiff's cellular phone between May 2021 and the present day, using an ATDS without his prior consent.

39. Defendant used equipment with the ability to store or produce cellular phone numbers to be used at random or sequential number generator and to dial such numbers without human intervention, as evidenced by the high number of phone calls.

40. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

41. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

42. As pled above, Plaintiff was severely harmed by Defendant's collection phone calls to his cellular phone by experiencing annoyance, harassment and aggravation.

43. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

44. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

45. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum

of $500 per violation. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff TROY ARCE respectfully requests this Honorable Court for the following relief:

 a. Declare Defendant's phone calls to Plaintiff to be a violations of the TCPA;
 b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
 c. Awarding Plaintiff costs and reasonable attorney fees;
 d. Enjoining Defendant from further contacting Plaintiff; and
 e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

48. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

49. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

**a Violations of RFDCPA § 1788.11(e)**

50. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

51. Defendant violated the RFDCPA when it continuously called Plaintiff's telephone after he informed them that he did not agree to sign a lease and no longer wanted to be contacted. This repeated behavior of systematically calling and texting Plaintiff's cellular phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope

7

that Plaintiff would make a payment despite not owing the alleged debt. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

52. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular phone.

### a. Violations of RFDCPA § 1788.17

53. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

54. As outlined above, through their conduct in attempting to collection upon the alleged consumer debt, Defendant violated 1788.17. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

55. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, TROY ARCE, respectfully requests that this Honorable Court:
 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
 b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
 c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
 d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

  e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: July 29, 2021           Respectfully submitted,

                   By: */s/ Nicholas M. Wajda*
                   Nicholas M. Wajda, Esq.
                   Wajda Law Group, APC
                   Cal. Bar No. 259178
                   6167 Bristol Parkway, Suite 200
                   Culver City, California 90230
                   +1 310-997-0471
                   nick@wajdalawgroup.com
                   *Counsel for Plaintiff*